**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| KEITH BASS<br><br>*Plaintiff*,<br><br>v.<br><br>JEFFREY H. STEIN<br><br>*Defendant*. | ) | Case No. 1:26-cv-00385-PTG-WEF |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF**
**<u>DEFENDANT'S MOTION TO DISMISS THE COMPLAINT</u>**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT…………………………………………………………….... 1

ARGUMENT……………………………………………………………………………..... 2

I. THE FACTS ALLEGED IN THE COMPLAINT CANNOT STATE A PLAUSIBLE CLAIM OF ACTUAL MALICE……………………………….... 2

A. The Legal Standard For Actual Malice is High……………………………….3

B. Plaintiff Pleads No Facts Sufficient To Show That Mr. Stein Had Any Reason To Doubt The Truth Of The Article's Statements…………………………… 4

1. Plaintiff's Cumulation Theory Fails: A Cumulation of Conclusions Cannot Add Up To A Plausible Inference of Actual Malice……………... 5

2. Plaintiff's Binary Theory Fails: The Term "Fired" Is Taken Out of Context And Plaintiff Still Cannot Allege Mr. Stein Knew The Statement Was False Or Had Serious Doubts About Its Veracity………………………... 6

II. MR. STEIN IS SHIELDED FROM LIABILITY UNDER VIRGINIA'S ANTI-SLAPP STATUTE………………………………………………………...8

III. THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE WITH NO LEAVE TO AMEND ………………………………..……………………….8

CONCLUSION……………………………………………………………………….......9

# TABLE OF AUTHORITIES

**Cases**

*CACI v. Premier Tech., Inc. v. Rhodes*,
536 F. 3d 280 (4th Cir. 2008) ........ 3

*Chapin v. Knight-Ridder, Inc.*,
993 F.2d 1087 (4th Cir. 1993) ........ 2

*Cozzarelli v. Inspire Pharms. Inc.*,
549 F.3d 618 (4th Cir. 2008) ........ 8

*Edwards v. Schwartz*,
378 F. Supp. 3d 468 (W.D. Va. 2019) ........ 1

*Fairfax v. CBS Corp.*,
2 F.4th 286 (4th Cir. 2021) ........ 3, 8

*Harte-Hanks Commc'ns, Inc. v. Connaughton*,
491 U.S. 657 (1989) ........ 7, 8

*Harvey v. Cable News Network, Inc.*,
48 F.4th 257 (4th Cir. 2022) ........ 3

*Masson v. New Yorker Magazine*,
501 U.S. 496 (1991) ........ 5

*Matrix Capital Mgmt. Fund, L.P. v. BearingPoint, Inc.*,
576 F.3d 172 (4th Cir. 2009) ........ 8

*Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*,
674 F.3d 369 (4th Cir. 2012) ........ 3, 4

*McCullough v. Gannett, Co.*,
No. 1:22-cv-1099, 2023 U.S. Dist. LEXIS 72291 (E.D. Va. Apr. 25, 2023) ........ 4, 5, 6, 7

*N.Y. Times Co. v. Sullivan*,
376 U.S. 254 (1964) ........ 3, 4

*Olgiati v. Breitschmid*,
708 F. Supp. 3d 805 (W.D. Va. 2023) ........ 8

*Pippen v. NBCUniversal Media, LLC*,
734 F.3d 610 (7th Cir. 2013) ........ 7

*Preston v. City Council of Petersburg*,
No. 19-cv-00750, 2021 WL 1177586 (E.D. Va. Mar. 26, 2021) ............................................... 3

*Schaecher v. Bouffault*,
290 Va. 83 (2015) ........................................................................................................ 2, 6

*St. Amant v. Thompson*, 390 U.S. 727 (1968)…………………………………...………...3, 4, 5

*Tessler v. NBC Universal, Inc.*,
No. 2:08cv234, 2009 U.S. Dist. LEXIS 27345 (E.D. Va. Mar. 31, 2009) ................................. 2

**Rules**

Fed. R. Civ. P.
12(b)(6)……………………………………………………………………………………1, 2

**Statutes**

Va. Code. Ann. § 8.01-223.2 ......................................................................................... 8

## PRELIMINARY STATEMENT

In defamation cases, First Amendment and public policy protections demand a particularly close analysis of the allegations in a complaint. *See Edwards v. Schwartz*, 378 F. Supp. 3d 468, 500 (W.D. Va. 2019) ("[B]ecause the defense of baseless defamation claims imposes an additional cost, in the form of potentially deterred speech, federal courts have historically given close scrutiny to pleadings in libel actions."). Virginia's anti-SLAPP statute reinforces these policy imperatives by shielding matters of public concern from liability and permitting the award of attorneys' fees and costs should a defamation claim be dismissed.

Plaintiff Assistant Secretary Bass admits he is a public figure and, therefore, the requisite intent required make out a plausible claim for defamation is actual malice: "Ultimately, the Motion turns on a single question: whether the Complaint plausibly alleges actual malice." (Dkt. 10, Opp'n at 2.) Mr. Stein agrees; actual malice is the crucial inquiry for this Fed. R. Civ. P. 12(b)(6) motion, which necessarily accepts as true the Complaint's factual allegations and, for purposes of this motion only, concedes certain elements of Plaintiff's defamation claim.[1]

Assistant Secretary Bass nevertheless seeks to confuse this focused inquiry by protesting Mr. Stein's reference to the complete "paid" version of the article. His objection, however, is based solely on the wholly conclusory allegation that the complete article lacks authenticity. Plaintiff's

[1] For purposes of this motion only, Mr. Stein assumes the application of Virginia law, and assumes the alleged statements were published and constitute actionable statements. Mr. Stein reserves the right to contest each of these issues in the event the Complaint is not dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

objection to the Court's review of the complete article is not only without foundation,[2] but also, it ignores the Court's mandate to consider the alleged defamatory statements in the entirety of their context. *Schaecher v. Bouffault*, 290 Va. 83, 93 (2015) (courts must consider statements in the context of the entire publication); *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1098 (4th Cir. 1993) (stating that the appellate court "would err if we did not consider the article as a whole"). Even the Complaint refers to Mr. Stein's article "[t]aken as a whole," (Dkt. 1-1, Compl. ¶ 26), and never once alleges that the complained-of publication was limited to the purportedly "free, publicly accessible version of the article." (Dkt. 10, Opp'n at 6 n.2.)

Plaintiff's distractions are of no moment. Although this Court should review the full, "paid" version of the article, it need not do so to recognize the Complaint's failure to state a claim. Simply put, the Complaint does not and cannot allege facts sufficient to plausibly infer that Mr. Stein had reason to entertain serious doubts as to the truth of the statements in either version of his article—public or paid.[3] The Complaint should be dismissed with prejudice.

## <u>ARGUMENT</u>

### I. THE FACTS ALLEGED IN THE COMPLAINT CANNOT STATE A PLAUSIBLE CLAIM OF ACTUAL MALICE

A public figure's defamation claim can survive a Fed. R. Civ. P. 12(b)(6) motion only where the complaint pleads factual allegations sufficient to make a plausible claim that the

---

[2] The Fourth Circuit and its district courts have rejected such challenges to the authenticity of documents attached to motions to dismiss. *See Tessler v. NBC Universal, Inc.*, No. 2:08cv234, 2009 U.S. Dist. LEXIS 27345, at *10 (E.D. Va. Mar. 31, 2009) (rejecting a plaintiff's challenge to the authenticity of website materials as being "without foundation"), *aff'd*, 364 Fed. Appx. 5 (4th Cir. 2010) (per curiam) (unpublished) ("Nor did the district court abuse its discretion in rejecting Tessler's challenge to the authenticity of the material contained on the website.").

[3] The other exhibits referenced in Mr. Stein's opening brief, though entirely appropriate and admissible, are similarly unnecessary to show the Complaint's failure to allege facts sufficient to permit a plausible inference of actual malice.

defendant made the allegedly defamatory statement or statements with (i) "knowledge that it was false" or (ii) "with reckless disregard of whether it was false or not." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 377 (4th Cir. 2012) (quoting *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964)).

### A. The Legal Standard For Actual Malice Is High

The actual malice standard is exacting. It "requires much more than a failure to exercise ordinary care" and "[r]ecklessness is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing." *Fairfax v. CBS Corp.*, 2 F.4th 286, 293 (4th Cir. 2021) (citations omitted). Assistant Secretary Bass must allege facts that, if proven, create a plausible inference that Mr. Stein "in fact entertained serious doubts as to the truth of his publication." *Id.* (quoting *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968)). Conclusory statements that amount to recitation of the actual malice standard will not suffice. *Mayfield*, 674 F.3d at 377; *see Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 273 (4th Cir. 2022) (rejecting "conclusory allegations" that defendant fabricated false statements).

"The actual malice standard sets a high bar that is difficult for plaintiffs to meet." *Preston v. City Council of Petersburg*, No. 19-cv-00750, 2021 WL 1177586, at *11 (E.D. Va. Mar. 26, 2021). This heightened standard is animated by the protections afforded by the freedom of speech. It "ensures that defamation cases involving issues of public concern are considered 'against the background of a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government[,] public officials,' and public figures." *CACI v. Premier Tech., Inc. v. Rhodes*, 536 F. 3d 280, 293 (4th Cir. 2008) (quoting *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964)).

The Complaint falls well short of plausibly alleging actual malice. The Complaint fails to allege facts that, if proven true, would show that Mr. Stein acted with knowledge that any of the statements reported in his article were factually untrue or that Mr. Stein recklessly disregarded the probable falsity of the statements. The text of the article (even the truncated public version) lead to the opposite conclusion. Assistant Secretary Bass's wholly conclusory allegations do not and cannot rise to the level of actual malice. The Complaint should be dismissed with prejudice.

### B. Plaintiff Pleads No Facts Sufficient To Show That Mr. Stein Had Any Reason To Doubt The Truth Of The Article's Statements

As detailed in Mr. Stein's opening memorandum, the Complaint's only allegations with respect to Mr. Stein's intent are that he: (1) relied on anonymous sources (Dkt. 1-1, Compl. ¶¶ 1, 25, 36, 39); (2) failed to adequately investigate his claims (*Id.* ¶¶ 1, 37-38, 57); and (3) had a political motive or agenda. (*Id.* ¶¶ 1, 39.) Each of these allegations, however, cannot state a plausible claim or inference of actual malice as a matter of law. (See Dkt. 8, Memo. at 10-13.)

First, the mere reliance on sources, anonymous or otherwise, cannot demonstrate recklessness. Without more, such as facts alleging that Mr. Stein was faced with plain reasons to doubt the veracity of his sources, the Complaint has not and cannot make out a plausible inference of actual malice. *See St. Amant v. Thompson*, 390 U.S. 727, 732 (1968) ("Recklessness may be found where there are "obvious reasons to doubt the veracity of the informant or the accuracy of his reports.").

Second, an alleged failure to investigate or otherwise adhere to journalistic standards "are irrelevant to the inquiry of actual malice; knowledge [of falsity] is what matters." *McCullough v. Gannett, Co.*, No. 1:22-cv-1099, 2023 U.S. Dist. LEXIS 72291, at *41 (E.D. Va. Apr. 25, 2023) (citing *Church of Scientology Intern. v. Daniels*, 992 F.2d 1329, 1334 (4th Cir. 1993) ("[A]ctual

malice cannot be established merely by showing a departure from accepted journalistic or professional practices.”)).

Finally, an author’s personal motivations underlying a publication are irrelevant to a showing of actual malice. *Masson v. New Yorker Magazine*, 501 U.S. 496, 510 (1991) (“[a]ctual malice under the *New York Times* standard should not be confused with the concept of malice as an evil intent or a motive arising from spite or ill will.”); *McCullough*, 2023 U.S. Dist. LEXIS 72291, at *40 (“[A]llegations such as spite and ill-will, even when taken as true, have no relevance to the actual malice inquiry.”).

**1. <u>Plaintiff’s Cumulation Theory Fails: A Cumulation Of Conclusions Cannot Add Up To A Plausible Inference Of Actual Malice</u>**

In his opposition brief, Assistant Secretary Bass attempts to rehabilitate these insufficient allegations by quoting case law descriptions of “various allegations that *could* support actual malice.” *See, e.g., McCullough*, 2023 U.S. Dist. LEXIS 72291, at *34 (emphasis added) (*quoted in* Dkt. 10, Opp’n at 15). Then, citing a so-called cumulation theory, Assistant Secretary Bass suggests that although each of his allegations taken alone are insufficient to plausibly infer actual malice, taken together they *could*. (Dkt. 10, Opp’n at 15-17.)

But a “cumulation” of unsupported conclusions and legally insufficient allegations does not and cannot create a valid cumulation of circumstantial evidence. And mere repetition of Assistant Secretary Bass’s own belief that he was not “fired” from the CIA (rather than “pushed out” or “effectively fired” or “removed” but “not for misconduct”)[4] does not and cannot make it relevant to this Court’s determination of the only question at issue on this motion: whether the Complaint plausibly alleges Mr. Stein’s actual malice. (Dkt. 10, Opp’n at 2.)

[4] Dkt. 1-1, Compl. ¶ 25 and Ex. 1.

**2. Plaintiff's Binary Theory Fails: The Term "Fired" Is Taken Out Of Context And Plaintiff Still Cannot Allege Mr. Stein Knew The Statement Was False Or Had Serious Doubts About Its Veracity**

Assistant Secretary Bass inappropriately reads the public article's statements out of context to focus repeatedly on one statement only—that Bass "was fired" by the CIA. Because that statement, Bass asserts, is "binary," Mr. Stein could have and should have investigated whether Assistant Secretary Bass was "fired." (Dkt. 10, Opp'n at 17-20.)

Yet the unqualified term "fired" appears only once in the article's headline:

- "Trump's Pick for Top Pentagon Healthcare Job Was Fired by CIA" (Dkt. 1-1, Compl. ¶¶ 22-23 and Ex. 1 at 1.)

Properly read in context of the entirety of the article (even the public article), the message is more nuanced and cannot be confined to the word "fired."[5] The Complaint alleges the following statements in addition to the headline:

- "Bass was 'pushed out,' two authoritative sources told SpyTalk, after fumbling the agency's handling of Havana Syndrome, which the government calls Anomalous Health Incidents, or AHI." (*Id.* ¶ 25(a) and Ex. 1 at 2.)
- "One of the sources familiar with Bass's removal, speaking on terms of anonymity to discuss the sensitive issue, said the retired former naval officer 'was removed' by CIA Director Bill Burns, 'not for misconduct,' but because 'OMS was being poorly run, and AHI just flushed it out.'" (*Id.* ¶ 25(b) and Ex. 1 at 2-3.)
- Bass was "effectively fired by the CIA in 2021 for his poor management of the spy agency's Office of Medical Services." (*Id.* ¶ 25(c) and Ex. 1 at 1.)

In context, therefore, the message is not "binary"; rather, Mr. Stein is reporting on the statements of sources familiar with Mr. Bass's tenure at the CIA that Mr. Bass was effectively pushed out from the CIA position. The article even notes that Mr. Bass's effective removal was not for misconduct. These underlying statements form the basis for what is effectively Mr. Stein's

[5] Courts must consider the alleged statements in the context of the entire publication. *Schaecher*, 290 Va. at 93; see Dkt. 1-1, Compl. ¶ 26 (referring to the article "[t]aken as a whole").

viewpoint based on his sources' statements.[6] Significantly, Plaintiff takes no issue with the truth or falsity of the sources' statements in the body of the article. Nor does he allege what publicly available records or other factual information Mr. Stein actually possessed which should have led him seriously to doubt the veracity of his sources' statements. *See McCullough*, 2023 U.S. Dist. LEXIS 72291, at *38 ("Plaintiff does not allege what studies, research, or other information [defendant] had at its disposal which would impute knowledge that [defendant's] specific statements were false when it published them.").

At most, Plaintiff pleads a "should have checked" theory, which is conclusory and insufficient to state a plausible claim of actual malice. *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 688 (1989) (failing to investigate, even when it would be reasonably prudent to do so, "will not alone support a finding of actual malice"); *see Pippen v. NBCUniversal Media, LLC*, 734 F.3d 610, 614 (7th Cir. 2013) ("[F]ailure to investigate is precisely what the Supreme Court has said is insufficient to establish reckless disregard for the truth."). To establish a duty to investigate, Assistant Secretary Bass must first plead that Mr. Stein had "obvious reasons to doubt the veracity of" his sources or a high degree of subjective awareness of probable falsity. *Harte-Hanks*, 491 U.S. at 688. The Complaint pleads no such facts, and the opposition makes plain that Assistant Secretary Bass cannot plead such facts. The Complaint should be dismissed with prejudice.

---

[6] For purposes of this motion only, Mr. Stein accepts as true the actionable nature of the Complaint's alleged statements. *See supra* n.1. Mr. Stein concedes nothing and reserves the right to challenge the Complaint's statements as non-actionable opinion or fair reporting. *See, e.g., Cook, Heyward, Lee, Hopper & Feehan, P.C. v. Trump Va. Acquisitions LLC*, 2012 U.S. Dist. LEXIS 72065, at **10-17 (E.D. Va. 2012) (granting Fed. R. Civ. P. 12(b)(6) dismissal where article's statements as to a firm's unsatisfactory job performance constituted non-actionable opinion and rhetorical hyperbole as a matter of law); *McCullough*, 2023 U.S. Dist. LEXIS 72291, at **23-25 (statements made with equivocating language that also disclosed the facts supporting the view expressed were not actionable as a matter of law on a motion to dismiss).

## II. MR. STEIN IS SHIELDED FROM LIABILITY UNDER VIRGINIA'S ANTI-SLAPP STATUTE

Under Virginia law, defamation defendants like Mr. Stein who report on matters of public concern without actual malice are immune from liability. Va. Code Ann. § 8.01-223.2. (Dkt. 8, Memo. at 13-14.) Moreover, if a lawsuit is dismissed based on this immunity, a defendant "may be awarded reasonable attorney fees and costs" within the Court's discretion. Va. Code. Ann. § 8.01-223.2(C); *Fairfax v. CBS Corp.*, 2 F.4th at 296-97. Mr. Stein respectfully submits that an award of attorneys' fees is appropriate here. (Dkt. 8, Memo. at 14-15.) Accordingly, should the Court dismiss the Complaint, Mr. Stein requests leave to file a motion for attorneys' fees and costs under Virginia's anti-SLAPP statute.

## III. THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE WITH NO LEAVE TO AMEND

When a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend. *Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). Plaintiff's request for leave to amend his Complaint[7] should be denied because "amendment would be futile." *Olgiati v. Breitschmid*, 708 F. Supp. 3d 805, 812 (W.D. Va. 2023) (citing *Matrix Capital Mgmt. Fund, L.P. v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009)).

Assistant Secretary Bass's opposition demonstrates there are no facts he could add to his Complaint sufficient to support a plausible inference of Mr. Stein's actual malice in writing the article. Thought the opposition attempts to telegraph how the Complaint can be rehabilitated, it is plain that it cannot. If Assistant Secretary Bass had any colorable facts to show that Mr. Stein had knowledge that any of the statements in his article were false or that Mr. Stein in fact had serious doubts as to the truth of those statements, he would have pleaded them. He has not. Leave to amend

[7] Dkt. 10, Opp'n at 23 n.6.

under these circumstances would inappropriately permit Mr. Bass to engage in a fishing expedition in this protected arena of free speech, free press, and issues of public concern. This is precisely what the actual malice pleading standard is designed to prevent. Leave to amend should be denied.

## CONCLUSION

For the foregoing reasons, Defendant Jeffrey Stein respectfully requests that this Court dismiss the Complaint with prejudice and grant him leave to file a separate motion for attorneys' fees and costs.

Dated: March 9, 2026

Respectfully submitted,

*/s/ Kandis M. Koustenis*

Kandis M. Koustenis (VSB No. 91607)
Allison K. Riddle (VSB No. 93727)
**BEAN KINNEY & KORMAN PC**
2311 Wilson Blvd., Suite 500
Arlington, VA 22101
703.525.4000 (phone)
kkoustenis@beankinney.com
ariddle@beankinney.com

*Counsel for Defendant Jeffrey Stein*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will transmit a Notice of Electronic Filing ("NEF") to all counsel of record.

*/s/ Kandis M. Koustenis*